**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JEANNYFRANCIS MARIE
RODRIGUEZ,

Plaintiff,

v. Case No. 8:25-cv-1365-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Jeannyfrancis Marie Rodriguez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of arthritis in both of her shoulders and manic depression. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed July 28, 2025, at 65, 74, 254. Plaintiff protectively filed an application for SSI on January 12, 2022, alleging a

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

disability onset date of April 7, 2021. Tr. at 209-18.[2] The application was denied initially, Tr. at 64-71, 72, 104-06, 108, and upon reconsideration, Tr. at 73-97, 98, 117-19, 121.[3]

On April 10, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.[4] Tr. at 35-63. During the hearing, Plaintiff amended the alleged onset disability date to November 19, 2020, the date she filed a previous claim for SSI that was later denied by the SSA. Tr. at 40. She also requested to reopen the denial of the previous SSI claim. Tr. at 40. On July 9, 2024, the ALJ issued a Decision approving Plaintiff's requests pertaining to the prior SSI claim but finding Plaintiff not disabled since November 19, 2020, the amended alleged onset disability date. See Tr. at 18-27.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 5-6 (Appeals Council exhibit list and order), 207-08 (request for review), 344-45 (brief). On April 9, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4,

---

[2] Although actually dated April 6, 2022 and received on April 11, 2022, see Tr. at 209, 218, the protective filing date is listed in the administrative transcript as January 12, 2022, see Tr. at 65, 74.

[3] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 37-38, 167-70, 196-97.

thereby making the ALJ's Decision the final decision of the Commissioner. On May 28, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in evaluating the opinion of her primary care physician. Plaintiff's Social Security Brief (Doc. No. 13; "Pl.'s Br."), filed August 26, 2025, at 4-10. On November 7, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") addressing Plaintiff's argument.[5] After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[5] Plaintiff on November 21, 2025 filed "Plaintiff's Social Security Brief" (Doc. No. 19) in which she notifies the Court that she "deems no reply necessary because any reply would simply duplicate arguments made in the original brief."

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 21-27. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 19, 2020, the amended alleged onset date." Tr. at 21 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease, cervical radiculopathy, major depressive disorder, generalized anxiety disorder, post traumatic stress disorder, bipolar disorder, and obesity." Tr. at 21 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except she can occasionally climb ramps and stairs. She can never climb ladders and scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can frequently reach, handle, and finger. She can occasionally overhead reach. Her work must be simple, routine and repetitive. Her work must be low stress which is defined as occasional decision making and occasional changes in work setting. She can have occasional interaction with coworkers and supervisors. She should have no interaction with the public.

Tr. at 22-23 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 26 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("35 years old . . . on the amended alleged onset date"), education ("a limited education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 26 (emphasis and citation omitted), such as "routing clerk," "merchandise marker," and "router," Tr. at 27 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since November 19, 2020, the amended onset date." Tr. at 27 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given

to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of her treating physician, Jamal Ansari, M.D. Pl.'s Br. at 4-10. According to Plaintiff, despite

purportedly relying on Dr. Ansari's opinion, the ALJ left out of the RFC the doctor's opinions that "Plaintiff was very limited maintaining work pace and would be precluded from prolonged standing." Id. at 4. Responding, Defendant contends the ALJ properly considered Dr. Ansari's opinion, especially because it was inconsistent with other opinion evidence. Def.'s Mem. at 11-14.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's]

medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same,

[7] Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

[the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

Here, Dr. Ansari on May 18, 2023 authored an opinion as to Plaintiff's physical and mental functioning. Tr. at 651-52. At the time, he had been treating Plaintiff for four months. Tr. at 652. According to Dr. Ansari, Plaintiffs conditions include bipolar disorder, cervical radiculopathy, and lower back pain. Tr. at 651. Dr. Ansari indicated that physically, Plaintiff is moderately limited in walking, standing, and climbing (including stairs), and very limited in lifting, carrying, pushing, pulling, and bending. Tr. at 652. Dr. Anasari opined that mentally, Plaintiff is moderately limited in understanding, remembering, and carrying out instructions, maintaining attention/concentration, making simple decisions, interacting appropriately with others, and maintaining socially appropriate behavior without exhibiting behavior extremes, and very limited in the ability to function in a work setting at a consistent pace. Tr. at 652. According to Dr. Ansari, Plaintiff should not have "[a]ny position involving moderate to heavy lifting, prolonged standing, or making major work related decisions." Tr. at 652.

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

The ALJ, addressing Dr. Ansari's opinion, found as follows:

> The May 2023 opinion of treating provider Jamal Ansari, M.D. has been found to be somewhat persuasive. Dr. Ansari provided a check box form in which he noted that [Plaintiff] had no limitation or a moderate limitation [in] all domains except that she was very limited in her ability to lift and carry and to push, pull and bend. He further noted that [Plaintiff] had no limitation to a moderate limitation in all assessed areas of mental functioning, but that she is very limited in her ability to function in a work setting at a consistent pace. Dr. Ansari provided some narrative support for the limitations that he noted on his check box form, stating that [Plaintiff] has limitations on any position, including moderate to heavy lifting, prolonged standing, or making major work related decisions. However, Dr. Ansari did not provide detailed support for these findings. Dr. Ansari noted that he had treated [Plaintiff] for four months which would have given him some insight into her ongoing functionality but not the benefit of a longitudinal relationship of many years. These limitations are generally consistent with [Plaintiff's] treatment record which documents persistent physical and mental health limitations which have remained relatively stable. This opinion is therefore generally persuasive.

Tr. at 25 (citation omitted).

The ALJ did not commit reversible error in analyzing Dr. Ansari's opinion. In finding it only "somewhat" or "generally persuasive," the ALJ articulated numerous reasons, supported by substantial evidence, for not accepting the opinion on the whole. These reasons included the short length of the treatment relationship. Tr. at 25. Although the ALJ found the opinion

"generally consistent" with Plaintiff's treatment record, he was not obligated to include limitations that were not consistent with Plaintiff's "relatively stable" conditions. Tr. at 25. The ALJ also relied more on the opinions of two different consultative examiners, finding these opinions both to be persuasive and articulating good reasons why. Tr. at 25-26. The ultimate RFC reflects consideration of all of these opinions. See Tr. at 22-23. Overall, the ALJ's findings are supported by substantial evidence and need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record